UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X   NOT FOR PUBLICATION
JOSEPH WILSON,

                         Plaintiff,          **MEMORANDUM**
                                               **AND ORDER**
  -against-                                15-CV-5321 (PKC) (CLP)

STATE OF NEW YORK; COUNTY OF
NASSAU,

                         Defendants.
------------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

       On September 10, 2015, Plaintiff Joseph Wilson, appearing *pro se*, filed this action against Defendants State of New York and County of Nassau alleging violations under the Sixth and Fourteenth Amendments of the United States Constitution. (Dkt. 1 ("Complaint or "Compl.").) The Court grants Plaintiff's request to proceed *in forma pauperis* solely for the purpose of this Order, and dismisses the Complaint as set forth below.

## *BACKGROUND*

       To the extent the Court can discern the nature of Plaintiff's claims, they appear to arise from his filing of a federal writ of habeas corpus and a State writ of habeas corpus. Plaintiff's federal application for habeas corpus relief is currently pending before this Court under docket number 11 CV 1942 (PKC) (filed Apr. 18, 2011). Previously, in 2009, Plaintiff filed a State application for habeas corpus relief, which was denied by order dated November 10, 2009 by the New York Supreme Court for Nassau County. (*See* Compl. at 9.)

       In his Complaint, Plaintiff alleges that he is no longer in State custody, and "thus the Writ is moot." (*Id.* at 5.) He seeks $35 million from Defendants presumably for failing to address the

grounds raised in both his federal and State habeas corpus petitions. (*See id.* at 5 (seeking "summary judgment against the defendants for failure to controvert the allegations of the Habeas Corpus Petition"), 7 (seeking a remedy of $35 million).)

## *STANDARD OF REVIEW*

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petrol. Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In addition, a *pro se* complaint is "to be liberally construed," *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and interpreted "to raise the strongest arguments that [it] suggest[s]," *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). However, pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Additionally, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The Court should generally not dismiss a *pro se* complaint without granting the

plaintiff leave to amend if a valid claim could be stated. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## *DISCUSSION*

Because Plaintiff alleges the deprivation of his federal constitutional rights, the Court construes Plaintiff's Complaint as filed pursuant to 42 U.S.C. § 1983 ("Section 1983" or "§ 1983").

**I.  Section 1983**

Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. This statute "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). In order to maintain a Section 1983 action, a plaintiff must show that the defendant (a) acted under color of state law (b) to deprive the plaintiff of a right arising under the Constitution or federal law. *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1984).

**A.  Eleventh Amendment**

The Court lacks subject matter jurisdiction over Plaintiff's claim against the State of New York. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subject of any Foreign State." U.S. Const. Amend. XI. Although the text of the Eleventh Amendment speaks only to "Citizens

of another State," the Supreme Court has long held that it also covers suits by citizens of the State being sued. *Nat'l Foods, Inc. v. Rubin*, 936 F.2d 656, 659 n.2 (2d Cir. 1991) (citing *Hans v. Louisiana*, 134 U.S. 1, 10 (1890)). Congress can abrogate State sovereign immunity by: "(1) unequivocally expressing its intent to do so, and (2) acting pursuant to a valid exercise of power." *Kozaczek v. N.Y. Higher Educ. Servs. Corp.*, 503 F. App'x 60, 62 (2d Cir. 2012) (citation omitted).

However, "it is well established that Congress did not abrogate state sovereign immunity in enacting 42 U.S.C. § 1983." *Sargent v. Emons*, 582 F. App'x 51, 52 (2d Cir. 2014) (citing *Quern v. Jordan*, 440 U.S. 332, 335 (1979)). It is equally "well[] established that New York has not consented to § 1983 suits in federal court." *Mamot v. Bd. of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010) (citing *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38–40 (2d Cir. 1977)). Therefore, Plaintiff's claims against the State of New York are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and Federal Rule of Civil Procedure 12(h)(3).

**B. Municipal Liability**

In order to sustain a claim for relief under Section 1983 against a municipal defendant, such as Nassau County, a plaintiff must show the existence of an officially adopted policy or custom that caused injury *and* a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 692–94 (1978); *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008); *Morgan v. Cnty. of Nassau*, 720 F. Supp. 2d 229, 240–43 (E.D.N.Y. 2010) (dismissing plaintiff's *Monell* claims against Nassau County). Here, Plaintiff does not allege, and nothing in his Complaint suggests, a plausible *Monell* claim against Nassau County. Specifically, Plaintiff does not allege any facts to

4

show that any Nassau County employee committed any wrongful acts or omissions, and that if so, such conduct would be attributable to a municipal policy or custom. Insofar as Plaintiff brings this action based on the State court's denial of his habeas corpus petition challenging the conditions of his plea agreement or based on the pending federal habeas petition, these facts cannot form the basis of a *Monell* claim against the County. Therefore, Plaintiff's Complaint does not state a plausible *Monell* claim against Nassau County and the claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Since the Complaint is devoid of any basis in law or fact, defects which cannot be cured by amendment, the Complaint is dismissed. Whereas ordinarily the Court would allow Plaintiff an opportunity to amend his Complaint, *see Cruz v. Gomez*, 202 F.3d 593, 597–98 (2d Cir. 2000), it need not afford that opportunity where, as here, it is clear from Plaintiff's submission that any attempt to amend the Complaint would be futile. *See Ashmore v. Prus*, 510 Fed. App'x. 47, 49 (2d Cir. 2013) (leave to amend is futile where barriers to relief cannot be surmounted by reframing the complaint); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend a *pro se* complaint where amendment would be futile).

## *CONCLUSION*

Accordingly, the Complaint, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: Brooklyn, New York
October 22, 2015